# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

DREW RANKIN *et al.*,
    *Defendants*.

No. 3:18-cr-00272 (JAM)

## ORDER DENYING DEFENDANTS' JOINT MOTION
## TO CERTIFY QUESTIONS OF LAW TO THE CONNECTICUT SUPREME COURT

This is a criminal case in which a federal grand jury has charged five defendants, who were all officers or directors of the Connecticut Municipal Electric Energy Cooperative (CMEEC), with conspiring to and misappropriating funds for personal purposes, in violation of 18 U.S.C. §§ 371 and § 666(a)(1)(A). The case is set for jury selection and trial several weeks from now in February 2020.

Following the Court's ruling denying in large part defendants' motions to dismiss the indictment, *see generally United States v. Rankin*, -- F. Supp. 3d --, 2019 WL 6044741 (D. Conn. 2019), defendants have moved for an order pursuant to Conn. Gen. Stat. § 51-199b(d) to certify three questions of state law to the Connecticut Supreme Court:

> (1) Is Conn. Gen. Stat. § 7-233e(b)(29), which provides that CMEEC "shall have the . . .power[] . . . generally to exercise in connection with its property and affairs, and in connection with property within its control, any and all powers that might be exercised by . . . a private corporation in connection with similar property and affairs[,]" restricted by the reference in section 7-233e(b) describing CMEEC's purpose as "providing facilities for the generation and transmission of electric power"?
>
> (2) Was the 2017 addition of subsection (j) to Conn. Gen. Stat. § 7-233c a clarifying statutory amendment that is a relevant consideration under the rules of statutory construction in Connecticut law to interpreting the pre-amendment statutory

1

>authorization to conduct a corporate retreat?

>(3) Pursuant to the enabling legislation authorizing the formation of municipal electric energy cooperatives, see Conn. Gen. Stat. § 7-233a, et seq., are the members of a municipal electric energy cooperative the municipal electric utilities or the municipalities?

Doc. #172 at 1-2. The Government objects to defendants' motion. Doc. #180.

Under Connecticut law, the Connecticut Supreme Court may accept a certified question of state law from a federal court "if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b(d). For its part, a district court has discretion whether to certify a question of state law to the Connecticut Supreme Court. *See Lopez v. Smiley*, 375 F. Supp. 2d 19, 26 (D. Conn. 2005). "When deciding whether to certify a question to the Connecticut Supreme Court, a court should consider, among other factors, '(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation.'" *Karas v. Liberty Ins. Corp.*, 2018 WL 2002480 (D. Conn. 2018) (quoting *O'Mara v. Town of Wappinger*, 485 F.3d 693, 698 (2d Cir. 2007)); *see also L. Cohen & Co. v. Dun & Bradstreet*, Inc., 629 F. Supp. 1419, 1422-25 (D. Conn. 1986) (Cabranes, J.) (discussing multiple additional factors).

I have considered all relevant factors, and I will deny the motion to certify for substantially the reasons stated by the Government in its objection. In light of the indictment's allegations that the use of funds was for personal rather than corporate purposes, I am not convinced that the validity of the indictment turns on the outcome of defendants' state law arguments about the scope of CMEEC's authority to engage in corporate retreats. *See Rankin*, 2019 WL 6044741, at *7-*9 (D. Conn. 2019). Nor am I convinced that the validity of the indictment turns on defendants' argument about whether as a matter of state law the "members"

2

of CMEEC are municipal utilities rather than municipalities themselves.

Although it is true that a state law issue need not necessarily be outcome-determinative in order to warrant certification, the lack of outcome-determinativeness is nonetheless a factor that strongly counsels against an indefinite delay of federal criminal trial proceedings for state law certification proceedings. *See O'Mara*, 485 F.3d at 698 (noting among factors to consider "the capacity of certification to resolve the litigation"). Defendants misplace their reliance on *United States v. Lewis*, 491 F. Supp. 2d 537 (D. Md. 2007), because that case involved a federal criminal law that itself expressly incorporated state law and because the resolution of the state law issue would be outcome-determinative for multiple pending prosecutions. *Id*. at 538.

It remains to be seen in light of the trial evidence and jury instructions to what extent the resolution of any of defendants' proposed state law questions may have bearing on any verdict in this case. To the extent that defendants believe that the Court's rulings to date reflect a misunderstanding of state law that could prejudice them at trial, they are welcome to renew their state law arguments by way of evidentiary motions *in limine* or proposed jury instructions at trial.

Defendants' motion to certify questions to the Connecticut Supreme Court is DENIED.

It is so ordered.

Dated at New Haven this 18th day of December 2019.

                                                /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge