UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DREW RANKIN *et al.*,<br>*Defendants*. | No. 3:18-cr-00272 (JAM) |

**ORDER DENYING JOINT MOTION
TO EXCLUDE RESIDENTS OF CMEEC MEMBER TOWNS FROM
THE VENIRE OR, ALTERNATIVELY, TO MOVE THE TRIAL
TO THE HARTFORD SEAT OF COURT**

A federal grand jury has charged five defendants with conspiring to and misappropriating funds for personal purposes, in violation of 18 U.S.C. § 371 and § 666(a)(1)(A). The charges stem from the defendants' former roles as officers or directors of the Connecticut Municipal Electric Energy Cooperative ("CMEEC"), a public corporation created to provide low-cost electric power for certain municipalities in Connecticut. *See generally United States v. Rankin*, 422 F. Supp. 3d 564, 573-77 (D. Conn. 2019) (summarizing the charges).

Defendants now move to exclude from jury selection any persons from all or parts of nine cities or towns that receive electric power through CMEEC (the "CMEEC towns"). Although defendants title their motion as a motion to exclude just "ratepayers" from the CMEEC towns, the body of their motion and memoranda make clear that they seek exclusion of all prospective jurors from the CMEEC towns. In the alternative, defendants seek to move the trial of this case from federal court in New Haven to federal court in Hartford where jurors would be drawn from cities and towns that have no relation to CMEEC.[1]

---

[1] The municipalities in question for purposes of the present motion are the City of Groton, the City of Norwich, the Borough of Jewett City, the Town of Bozrah, the Town of Gilman, and parts of the Towns of Lebanon, Franklin,

1

The Constitution guarantees every criminal defendant a right to a trial "by an impartial jury." U.S. CONST. amend. VI. An impartial jury is one that is "capable and willing to decide the case solely on the evidence before it." *United States v. Torres*, 128 F.3d 38, 42 (2d Cir. 1997) (quoting *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984)).

Citing the Government's contention that defendants victimized the ratepayers of CMEEC towns, defendants argue that I should exclude any prospective jurors from the CMEEC towns. But the trouble with this argument is that it assumes that all current residents of CMEEC towns were electricity ratepayers affected by the alleged unlawful activity from 2014 to 2017. It is likely that some of the current residents of CMEEC member towns may have recently moved there or, if they resided there during the relevant time period from 2014 to 2017, they may have had no financial responsibility for the payment of electric bills.

Thus, defendants overbroadly seek to exclude at least some jurors who may *not* be subject to disqualification—whether for actual bias, implied bias, or any inferable bias. *See Torres*, 128 F.3d at 43-47 (describing grounds for bias). The far more sensible course—and one that protects the rights of all qualified persons to be considered for jury service—is to allow prospective jurors from the CMEEC towns to be summonsed and then through screening and *voir dire* to explore whether there are grounds to conclude that any of them are subject to disqualification for any reason of bias.

I am not convinced by defendants' argument that even *non*-ratepaying residents of CMEEC towns must be categorically presumed to be biased. The Second Circuit has rejected a similar argument. *See United States v. Nicolo*, 421 F. App'x 57, 61 (2d Cir. 2011) (notwithstanding defendant's argument that juror "had reason to be biased against him because

---

Montville, and Salem. All of these municipalities are in New London County and within the area from which jurors are summonsed for federal jury duty in New Haven.

[he] was being accused of participating in a fraud designed to deprive [the town] of its proper tax revenues," the district court did not err by declining to dismiss the juror because "[t]he juror in question, who lived in her parents' home and who did not pay local property taxes, had no discernible interest of any kind in the outcome of this litigation and assured the District Court that she could maintain her impartiality").

Although defendants argue that *voir dire* cannot cure implied bias, the threshold issue for now is whether there are grounds to conclude that all current residents of CMEEC towns have an implied bias (*i.e.*, whether all current residents of the CMEEC towns are akin to "victim" ratepayers during the course of the conspiracy period). Defendants make no convincing argument why this equivalency should be conclusively presumed. The predicate facts necessary to draw any such equivalency are best established individually by means of *voir dire*. Moreover, although defendants raise very substantial arguments that ratepayers from CMEEC towns at the relevant time should be disqualified for implied bias, I need not resolve this issue until the time of jury selection in the event that any of the persons who may appear from CMEEC towns were ratepayers at the relevant time.

To the extent that prospective jurors who appear for jury selection may include CMEEC ratepayers from the relevant time period, defendants fear there may be potential spillover prejudice if these ratepayers discuss their views in front of other jurors during the course of jury selection. I do not agree. Jury selections in criminal cases commonly include persons with bias in the pool of prospective jurors. In narcotics trafficking cases, for example, there are often prospective jurors who have been addicted to narcotics or who have close family members who have been addicted or died from narcotics overdoses. In such cases, the Court routinely uses individualized side-bar procedures to ascertain the grounds for bias and to minimize the

possibility that a biased prospective juror might state opinions or volunteer information that could prejudice other members of the jury pool. Defendants do not show why such standard protective measures would not be adequate here.

As for defendants' alternative request to move the trial to the Hartford seat of court, I am not persuaded that this is appropriate or necessary in light of the measures as I have described above that may be taken to determine if prospective jurors from CMEEC towns are subject to challenge for bias. The CMEEC towns are but a fraction of the scores of towns and cities within the New Haven jury pool, and there is no reason to conclude that complications due to the presence of prospective jurors from any of the CMEEC towns will jeopardize the ability to form a jury in New Haven.

As further grounds for transfer to Hartford, defendants cite hundreds of news articles that have appeared over the years about this case in the *Norwich Bulletin* and the *New London Day*. But in light of the nature of this case, I am not convinced that this pre-trial publicity rises to the level to warrant a transfer of the place of trial. "Coverage of actual developments in a criminal case generally will not rise to the level of prejudicial publicity that will warrant a venue change." *United States v. Sabhnani*, 599 F.3d 215, 233 (2d Cir. 2010). Defendants do not point to any publicity that was "'the kind of vivid, unforgettable information we have recognized as particularly likely to produce prejudice,'" or that contained a "'confession or other blatantly prejudicial information of the type readers or viewers could not reasonably be expected to shut from sight.'" *Nicolo,* 421 F. App'x at 61 (quoting *Skilling v. United States*, 561 U.S. 358, 382, 384 (2010)). Absent such publicity of unusually sensational or prejudicial non-admissible evidence, there are no grounds to conclude that any potential for prejudice cannot be redressed by means of "'careful identification and inspection of prospective jurors' connections'" through

screening and *voir dire* procedures that are "well-suited to th[e] task" of protecting the right to an impartial jury. *Ibid.* (quoting *Skilling*, 561 U.S. at 384).

In summary, defendants have not established grounds to preclude all current residents of CMEEC towns from the jury pool for this case or to warrant a transfer of this case for trial in Hartford. Accordingly, the Court DENIES defendants' joint motion to exclude CMEEC's ratepayers from the venire or, alternatively, to move the trial to the Hartford seat of court (Doc. #202).

It is so ordered.

Dated at New Haven this 21st day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge