### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

    v.

DREW RANKIN, JAMES SULLIVAN,
JOHN BILDA, EDWARD DEMUZZIO,
AND EDWARD PRYOR,
    *Defendants*.

No. 3:18-cr-272 (JAM)

### OMNIBUS ORDER ON PRETRIAL MOTIONS

This ruling addresses most of the parties' dozens of pre-trial motions that have been filed in anticipation of the jury trial that is scheduled to begin next week. My ruling is based on the parties' submissions as well as oral arguments on these motions last week.

By way of background, the Government has charged the five defendants with conspiring to misappropriate and criminally misappropriating funds in violation of 18 U.S.C. §§ 371 and 666(a)(1)(A). The defendants were all officers or directors of a cooperative public corporation known as the Connecticut Municipal Electric Energy Cooperative ("CMEEC"). According to the Government, the defendants misappropriated hundreds of thousands of dollars of the funds of CMEEC and its members when they used these funds for personal purposes to pay for trips to the Kentucky Derby and a West Virginia golf resort from 2014 to 2016. For their part, the defendants maintain that these trips were lawful corporate retreats and that they did not act with the wrongful state of mind required to sustain a criminal conviction. *See generally United States v. Rankin*, 422 F. Supp. 3d 564, 573–577 (D. Conn. 2019) (summarizing allegations of indictment).

Before turning to particular motions, I will make clear the legal standard that governs my consideration of the majority of the motions which seek to preclude evidence on grounds of

relevance or unfair prejudice. Evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed R. Evid. 402. In addition, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Some of the defendants' motions also ask me to exclude evidence as improper character evidence. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Nevertheless, the Federal Rules of Evidence allow the prosecution to introduce evidence of a defendant's prior wrongs or other acts if the evidence is appropriately relevant to one or more other issues in dispute beyond establishing a defendant's mere character or propensity to engage in wrongdoing. Accordingly, Rule 404(b)(2) provides that so-called "other acts" evidence "may" be admitted to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

I follow what the Second Circuit often describes as the "'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Moran-Toala*, 726 F.3d 334, 345 (2d Cir. 2013). The factors relevant to determining the admissibility of "other act" evidence include whether (1) the evidence is offered for a proper purpose, (2) the evidence is relevant to a disputed issue pursuant to Rule 402, (3) the probative value of the evidence is substantially outweighed by its potential for unfair prejudice

pursuant to Rule 403, and (4) the evidence was admitted in conjunction with an appropriate limiting instruction, if requested. *Ibid.*; *see also United States v. Dupree*, 870 F.3d 62, 76 (2d Cir. 2017) (same).

These are the standards that govern motions seeking to preclude evidence on grounds of relevance or prejudice. To the extent my ruling on any of the particular motions below may refrain from engaging in a robotic incantation of the precise terminology of Rules 401, 403, and 404(b), I have considered and applied to each motion the governing legal standards I have just described.

### Defendants' joint motion in limine and motion to reconsider the Court's ruling on Connecticut law (Doc. #310)

The defendants have moved to introduce evidence of the Connecticut enabling statutes governing the creation of, governance of, and powers of municipal electric energy cooperatives, *see* Conn. Gen. Stat. § 7-233a *et seq.*, and for me to reconsider certain parts of one of my earlier rulings discussing statutory limitations on the authority of municipal electric energy cooperatives. *See Rankin*, 422 F. Supp. 3d at 581. As to the defendants' request to admit portions of the Connecticut enabling statutes that were in effect during the charged conspiracy period, I will grant the motion without objection.[1] As to the defendants' request for reconsideration of my earlier ruling, I will deny the motion as moot in light of the Government's position as clarified that the Connecticut enabling statutes do not categorically prohibit any form of corporate retreat.[2]

---

[1] The defendants have withdrawn their request to admit a provision of the Connecticut enabling statute that was enacted after the charged conspiracy period and that regulates "strategic retreats." Conn. Gen. Stat. § 7-233c(j); Doc. #371.

[2] Doc. #375 at 3.

***Government's motion to preclude aspects of the defendants' proposed expert testimony (Doc. #311)***

Because this motion concerns testimony during the defense case and because my ruling on this motion will be assisted by an opportunity to consider the evidence presented in the Government's case-in-chief, I will defer ruling on this motion until closer in time to the beginning of the defense case. To the extent that one of the expert witnesses proposes to testify that none of the funds spent on the trips to the Kentucky Derby and to West Virginia were funds that came from the federal government and to the extent that the defendants' counsel have sought leave to assert this point during opening statements, I will preclude the defense from doing so in opening statements for failure to date to show why this point is relevant and would not tend to be introduced for any purpose other than to confuse and for jury nullification. *See Sabri v. United States*, 541 U.S. 600, 604-06 (2004) (explaining how 18 U.S.C. § 666 does not require a connection between the unlawful act and federal money).

This aspect of my ruling, however, is without prejudice to the defendants' right during the evidentiary portion of the trial to challenge the Government's evidence of federal funding even if this challenge may incidentally show that the funds at issue were not federal funds. If such a challenge to the Government's evidence arises, the Court will consider if appropriate any limiting or clarifying instruction to make clear that the Government is not required to show the specific misappropriation of federal funds as an element of its proof under 18 U.S.C. § 666(a)(1)(A).

***Defendants' joint motion in limine to preclude evidence related to alleged "CMEEC Members" (Doc. # 312)***

The defendants move to preclude evidence that municipalities—as distinct from municipal electric utilities—were members of CMEEC or that municipalities—as distinct from municipal electric utilities—received the requisite more-than-$10,000 in federal funding that the

4

Government must prove under 18 U.S.C. § 666(a)(1)(A). Because I am not convinced for the reasons stated by the Government that the indictment is defective on its face (and have previously rejected the defendants' challenge to the adequacy of the indictment), I will deny the defendants' motion because it is not appropriate for me to foreclose the Government from presenting evidence and argument that is consistent with the terms of the indictment. This ruling, however, is without prejudice to the defendants' raising their arguments about the identity of CMEEC members and the sufficiency of the Government's evidence of agency status and funding after the close of the Government's case and/or for purposes of final jury instructions.

### *Defendants' joint motion in limine to preclude evidence or argument that the defendants "intentionally misapplied" funds in violation of § 666 (Doc. #313)*

The defendants move to preclude evidence or argument that they violated § 666 by "intentionally misapplying" funds. But the indictment alleges that, among the several ways in which they violated § 666(a)(1)(A), the defendants did so by means of intentionally misapplying funds. [3] Although the defendants doubt that the Government's proof will suffice to show intentional misapplication in a manner consistent with the Second Circuit's decision in *United States v. Urlacher*, 979 F.2d 935, 938 (2d Cir. 1992), it is not my role to pre-judge the sufficiency of the Government's evidence. Therefore, I will deny the defendants' motion without prejudice to their raising any challenge to the sufficiency of the Government's evidence in support of intentional misapplication at the close of the Government's case and/or for purposes of final jury instructions.

---

[3] Doc. #1 at 17–19 (¶¶ 63, 65, 67).

***Defendants' joint motion in limine to preclude evidence of other investigations or proceedings (Doc. #314)***

The defendants move to preclude evidence of investigations into their activities by various town ethics bodies and by an attorney and accountant retained by CMEEC. I will grant the defendants' motion to the extent that they seek to preclude evidence of any findings or conclusions of such investigations. On the other hand, I will deny the defendants' motion for substantially the reasons stated by the Government as to the fact or existence of such investigations and as to the generation of certain documents or statements by the defendants during the course of these investigations. This aspect of the evidence is relevant and its probative value is not substantially outweighed by a danger of unfair prejudice. If the defendants so request, I will give a limiting instruction that the jury should not draw any adverse inference from the fact that there was an investigation or inquiry conducted by any of the municipalities or by CMEEC.

***Defendants' joint motion in limine to preclude argument or evidence that the areas served by CMEEC are economically disadvantaged (Doc. #316)***

The defendants move to preclude evidence that the areas served by CMEEC were economically disadvantaged. I will grant the motion on the ground that economic disadvantage or vulnerability of the municipalities or their residents is not an element of the charged offenses and that the Government has not shown any other grounds of relevance that would not be substantially outweighed by a danger of unfair prejudice. This ruling is without prejudice to testimony concerning any witness's awareness of a municipality's precarious budgetary or financial position if relevant to the witness's reason why the witness noticed or engaged in certain conduct.

***Defendants' joint motion to renew request to exclude CMEEC member town residents from jury venire (Doc. #317)***

The defendants renew their motion to categorically exclude residents of CMEEC member towns from the jury venire. I will deny their motion in light of the availability of alternative individual-specific screening measures that I employed at last week's jury selection.

***Defendants' joint motion in limine to exclude evidence or argument related to the absence of a board vote for the corporate retreats (Doc. #318)***

The defendants move to exclude evidence or argument that CMEEC's board of directors did not approve the trips. But because the indictment expressly alleges the lack of board approval, I will deny this motion for substantially the reasons stated by the government. Lack of a board vote is plainly relevant to whether the trips were for a corporate purpose, and there is not the slightest risk of unfair prejudice from allowing the jury to learn that the CMEEC board did not vote to approve the trips. Of course, the defendants will be free to challenge at trial the weight or probative value of this evidence as they suggest they will do.

***Defendants' joint motion to preclude testimony from government witnesses who lack personal knowledge and to preclude expert testimony from government witnesses (Doc. #319)***

The defendants move to preclude testimony from certain government witnesses whom they fear will testify without personal knowledge or will offer improper expert opinion testimony. They reference testimony from prospective witnesses including: George Adair, the Wallingford director of public utilities; Richard Hendershot of Wallingford; David Meisinger, CMEEC's current CEO; and auditors who worked with CMEEC. I will deny the motion without prejudice because it is too early for me to tell whether the Government intends to adduce any hearsay or expert opinion from these witnesses.

### *Defendant Bilda's motion in limine to exclude evidence of alleged reimbursement of expenses by the City of Norwich (Doc. #320)*

Defendant Bilda moves to preclude evidence to support allegations of the indictment that he received several hundred dollars of reimbursement by the City of Norwich for expenses related to the trips.[4] I will deny this motion for substantially the reasons stated by the Government. Bilda's receipt of any reimbursement for the trips is relevant to the jury's understanding of his state of mind with respect to the stated purpose of these trips and also to his alleged statements that the trips did not result in any expense to taxpayers, ratepayers, or the Norwich Public Utility. The fact that Bilda disputes the accuracy of the indictment's allegation that the reimbursement came from the City of Norwich (as distinct from its municipal electric utility) or that the amount of his reimbursements standing alone was less than $5,000 does not mean evidence of his reimbursements is not relevant. Nor is the probative value of this reimbursement evidence substantially outweighed by any danger of unfair prejudice.

### *Bilda's motion in limine to preclude evidence in support of inaccurate allegation of board compensation (Doc. #321)*

Defendant Bilda moves to preclude the Government from introducing what he believes to be inaccurate information about his compensation as a CMEEC board member. I will deny the motion without prejudice in the event that the Government seeks to introduce inaccurate evidence or argument at trial. To the extent that Bilda complains about whether the indictment accurately describes payments he was due as a board member, this has no bearing on the right of the Government to offer otherwise relevant evidence at trial. Evidence of what CMEEC paid for the duties performed by its board members—whether directly or whether by payment to a rate stabilization fund—is relevant to understanding the terms of Bilda's service as a board member

---

[4] Doc. #1 at 11, 15 (¶¶ 38, 55).

8

and to the jury's evaluation of the Government's position that the Kentucky Derby and West Virginia trips were for personal rather than corporate purposes.

### *Rankin, Bilda, DeMuzzio, and Pryor's motion in limine to preclude Rule 404(b) evidence of misconduct by Sullivan (Doc. #322); Defendants' motion in limine to exclude evidence of Sullivan's prior bad acts (Doc. #337)*

The defendants have moved to exclude evidence that Sullivan was accused of sexual harassment. On the basis of the Government's representation that it does not intend in the first instance to adduce this evidence in its case-in-chief, I will deny these motions without prejudice in the event that the Government may claim that the defendants have opened the door to such evidence—for example, by means of suggesting bias of certain witnesses or that Sullivan left his position as CMEEC board chair for reasons other than the accusation of sexual harassment—in which case the defendants may renew their motions orally and by incorporation of the reasons they have stated. The Court has requested the parties to file supplemental submissions concerning these allegations.

### *Sullivan, Bilda, DeMuzzio, and Pryor's motion in limine to preclude Rule 404(b) evidence of prior bad acts of defendant Rankin (Docs. #323, #372)*

The defendants other than Rankin separately move to exclude evidence of Rankin's alleged prior bad acts—the acts referenced in motions at Docs. #330–#333 and #362 (to be discussed later in this ruling). They argue that the evidence against Rankin will spill over and prejudice the jury against them. But, as discussed below with respect to the specific motions at issue, many of the alleged bad acts will not be offered by the Government at trial. Second, as to the remaining alleged bad acts, there is little reason to suppose that the jury will misunderstand them as suggesting that the remaining defendants did anything wrong. In any event, the remaining defendants may request a contemporaneous limiting instruction at trial if they are concerned about any possibility of spillover prejudice.

**Defendants' joint motion in limine to preclude evidence or reference to CMEEC's indemnification and payment of legal fees (Doc. #324)**

The defendants move to preclude evidence or reference to CMEEC's indemnification and its payment of their legal fees. I will deny the motion as moot in light of the Government's representation that it will not adduce such evidence unless the defendants open the door to such evidence.

**Defendants' joint motion in limine to award additional separate peremptory challenges (Doc. #325)**

The defendants move for additional peremptory challenges. I granted this motion in part at jury selection to the extent that I allowed both parties additional peremptory challenges to the extent possible given the limited number of jurors who were cleared for service following two full days of jury selection.

**Sullivan, Bilda, and DeMuzzio's motion in limine to preclude evidence misidentifying their board service (Doc. #326)**

Defendants Sullivan, Bilda, and DeMuzzio move to exclude evidence as alleged in the indictment that they joined the CMEEC board to represent certain towns, because they maintain that they represented the respective towns' utilities rather than these towns. I will deny the motion on the ground that a defendant's factual disagreement with the allegations of an indictment does not furnish grounds for a court to preclude the prosecution from introducing evidence at trial. If the defendants believe that the Government's evidence is not accurate, they are free to object to the evidence when it is proffered for admission at trial or to mount a challenge to the weight and probative value of the evidence.

**Defendants' joint motion in limine to preclude testimony about "lavishness" of the CMEEC board retreats (Doc. #327)**

The defendants move to preclude the Government from eliciting testimony that the trips at issue were "lavish," "extravagant," "expensive," "luxurious," "excessive," or the like. I will

10

deny this motion to the extent that it seeks to preclude witnesses from offering their lay assessment based on facts personally known or observed to them of the quality of particular objects, goods, or services purchased or provided. "Recognizing that eyewitnesses sometimes find it difficult to describe the appearance or relationship of persons, the atmosphere of a place, or the value of an object by reference only to objective facts, the law permits such witnesses to testify to their personal perceptions in the form of inferences or conclusory opinions." *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005).

Such testimony about the apparently high value of goods and services provided is relevant to the jury's evaluation of whether the trips were for personal purposes or for corporate purposes. Such testimony is not substantially outweighed by any danger of unfair prejudice. The Government, however, shall refrain from inviting witnesses to offer their generalized opinions or editorial testimony that the trips as a whole were lavish, extravagant, and excessive.

### *Defendants' joint motion in limine to preclude evidence and argument that ratepayers or taxpayers were victims (Doc. #328)*

The defendants move to preclude evidence and arguments that ratepayers or taxpayers were "victims" of the alleged crimes. I will grant the motion in part and deny it in part. I will grant it to the extent that the Government may not argue that ratepayers or taxpayers were "victims" of the alleged crimes unless there is an evidentiary basis to do so—that the Government's evidence shows that the costs of the trips and that the structure of the flow of funds from CMEEC to its members allows for a reasonable inference that these costs would be passed on to ratepayers or taxpayers.

I will deny it to the extent that the defendants may seek to preclude the Government from introducing evidence of the flow of funds from CMEEC to its members and any correlation between the structure of this flow of funds and the amounts paid by ratepayers and taxpayers.

Moreover, to the extent that the Government may offer statements by one or more of the defendants that these trips did not result in costs to ratepayers and taxpayers, I will allow the Government to introduce evidence and to argue on the basis of reasonable inference that the considerable costs of these trips would be passed on at least in part to ratepayers or taxpayers and that the defendants would understand this to be so. Such evidence and argument is relevant and not substantially outweighed by any danger of unfair prejudice.

### Defendants' joint motion in limine to dismiss Counts Three and Four and narrow Count One or, in the alternative, to exclude evidence of irrelevant federal funding (Doc. #329)

The defendants move to dismiss Counts Three and Four of the indictment and to narrow Count One. They argue, in essence, that for a variety of reasons the indictment does not properly allege the offenses charged in these counts, and alternatively that such defects warrant preclusion of evidence. But the trouble is that following consultation with counsel I set forth a deadline of May 19, 2019—nearly two-and-a-half years ago—for the defendants to file any substantive motions such as a challenge to the validity of the indictment.[5] I heard oral argument back then on more than a dozen motions and ruled at length on the defendants' multiple challenges to the sufficiency of the indictment. *See Rankin*, 422 F. Supp. 3d at 577-87.

The defendants' latest motion fails to explain why they did not timely raise the new challenges they press to the adequacy of the indictment (much less why they delayed until the very eve of trial). When I asked about this at oral argument, counsel stated—without any citation to case authority or submission of supplemental authority—that the defendants are free to raise at any time an issue that goes to the Court's subject matter jurisdiction. *See* Fed. R. Crim. P. 12(b)(2). Well, that is true in the abstract but it does not explain why the specific and highly

---

[5] Docs. #62, #70.

technical and evidence-based defects they now allege here are no less than subject-matter-jurisdictional.

Indeed, any such argument would be hard to square with *United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019), in which the Second Circuit adopted a highly restrictive view of whether defects in the pleading of an indictment deprive a federal court of subject matter jurisdiction. As the Second Circuit observed, "[c]ourts have regularly rejected arguments that the failure to include certain elements in an indictment, even when that element must be proven beyond a reasonable doubt to secure a conviction, deprived the district court of subject matter jurisdiction," and "we have repeatedly concluded that the failure to include in an indictment required elements, such as drug quantities or the value of stolen property, was a non-jurisdictional error, even though the elements were statutory elements that the government would have to prove beyond a reasonable doubt at trial." *Id.* at 91; *see also ibid.* (citing authority that failure to allege conduct-jurisdictional interstate commerce element is not a defect that deprives a federal court of subject matter jurisdiction).

I could try on my own to figure out whether the types of indictment defects now alleged by the defendants for the first time on the eve of trial are so severe that they altogether deprive the Court of subject matter jurisdiction. I doubt they are. But I won't do my own inquest absent any genuine effort by the defendants in the first place to show why the alleged defects go to the Court's subject matter jurisdiction or why they are otherwise at liberty to challenge the sufficiency of the indictment anytime they feel like it. Therefore, I will deny the defendants' untimely motion to dismiss portions of the indictment or, alternatively, to preclude evidence that the defendants believe should be precluded on account of their belated challenges to the adequacy of the indictment.

This ruling is without prejudice to arguments that the defendants might make at the close of the Government's case or for purposes of jury instructions. And if it turns out the defendants have a good faith argument why the defects they allege deprive the Court of subject matter jurisdiction, they may explain why this is so and raise anew their challenges to the sufficiency of the indictment.

### Defendants' joint motion in limine to exclude evidence of misuse of CMEEC-issued P-cards by Rankin and Pryor (Doc. #330)

The defendants move to exclude evidence that Rankin and Pryor used CMEEC's money while on the trips in question to buy alcohol and that this was in violation of company policy. I will deny the motion. The nature of these purchases and that they allegedly violated company policy is relevant to the issue of whether the trips and their attendant expenses were for personal rather than corporate reasons. The probative value is not substantially outweighed by any danger of unfair prejudice. Nor is the evidence offered for any improper propensity or character purpose in violation of Rule 404(b). Upon request, I will issue a limiting instruction if the defendants are concerned that the jury will draw any improper inference from evidence of the purchase or consumption of alcohol or from evidence of the violation of a company policy.

### Defendants' motion in limine to exclude evidence that Rankin claimed to be an FBI informant (Doc. #331)

The defendants move to exclude evidence that Rankin allegedly falsely told two witnesses whom the Government intends to call at trial that he was an undercover FBI agent. I will grant the motion to preclude this evidence for lack of apparent relevance and danger of unfair prejudice. The Government has not cogently explained why it needs to elicit these alleged statements from these witnesses. This ruling is without prejudice to reconsideration in the event that defendant Rankin decides to testify and that the Government states that it wishes to cross-examine him on these grounds pursuant to Fed. R. Evid. 608.

### *Defendants' motion in limine to exclude evidence of Rankin's approval and misuse of CMEEC funds for improper or personal expenses (Doc. #332)*

The defendants move to exclude evidence about funds spent by a third party at a strip club and CMEEC funds that Rankin authorized to be spent on the purchase of a UConn t-shirt and hat for another third party. As to the strip club portion of this motion, I will deny it as moot in light of the Government's representation that it does not intend to elicit such testimony or evidence. This is subject to reconsideration in the event of a change in circumstances at trial. As to the UConn t-shirt and hat expenditure, I will deny the motion for substantially the reasons stated by the Government. I conclude that evidence of Rankin's misuse of company funds for the personal purposes that the Government alleges is relevant to his state of mind, not unfairly prejudicial, and not improper character evidence.

### *Defendants' motion in limine to exclude evidence that Rankin accepted gifts from CMEEC vendors (Doc. #333)*

The defendants move to exclude evidence that Rankin accepted a thank-you gift of a wine basket from a person who attended one of the trips. I will deny the motion for substantially the reasons stated by the Government—that it bears on whether Rankin viewed the trip as a personal trip or a corporate trip—and subject to the Government's representation that it will not adduce evidence or argument about CMEEC's gift policy. The evidence is relevant, not unfairly prejudicial, and not offered for improper character or propensity purposes.

### *Defendants' motion in limine to exclude evidence about other golf outings (Doc. #334)*

The defendants move to exclude evidence of their participation in other company golf outings in Connecticut. I will deny the motion for substantially the reasons stated by the Government. The fact of these additional in-state outings is relevant to whether the higher cost out-of-state outings were for corporate rather than personal purposes. Moreover, to the extent that a company has just had a "retreat," a jury might conclude that yet another "retreat" is really

15

for personal—rather than corporate—purposes. In addition, because playing golf is hardly

*malum in se*, there is no danger of unfair prejudice or propensity/character concerns under Rule

404(b). Nevertheless, I will give a limiting instruction if the defendants request one to ensure that

the jury understands that the charges in this case are not based on any golf outings within

Connecticut and the limited purpose for which this evidence may be considered.

### Defendants' motion in limine to preclude evidence of alleged acts by Rankin and Sullivan charged in 18-cr-273 (Doc. #335)

The defendants move to preclude evidence of the alleged acts by Rankin and Sullivan

that form the basis for a separate and pending indictment against them. *See United States of*

*America v. Rankin and Sullivan*, 18-cr-273 (D. Conn.). I will deny the motion as moot in light of

the Government's representation that it does not intend to offer any such evidence.

### Sullivan's motion in limine to exclude evidence of acts taken after October 2015 (Doc. #336)

Defendant Sullivan moves to preclude evidence of acts taken after his resignation from

the CMEEC board in October 2015. I will deny the motion for substantially the reasons stated by

the Government. Sullivan has not established as a matter of law that his departure from his board

position means that he was no longer part of the conspiracy. Because his withdrawal is an

affirmative defense that Sullivan apparently intends to try to prove, *see United States v. Leslie*,

658 F.3d 140, 143 (2d Cir. 2011), the Government is well within its rights to introduce evidence

from after October 2015 to try to show that Sullivan did *not* withdraw from the conspiracy.

Because I cannot conclusively presume at this time that Sullivan was no longer a member

of the conspiracy as of October 2015, he is subject to the baseline rule for the admission of

conspiracy evidence: "Where a defendant is a member of a conspiracy, all the evidence admitted

to prove that conspiracy, even evidence relating to acts committed by co-defendants, is

admissible against the defendant." *United States v. Salameh*, 152 F.3d 88, 111 (2d Cir. 1998).

16

Moreover, even if I were to presume that Sullivan was no longer part of the conspiracy as of October 2015, the Government at trial must prove the *existence* of a conspiracy apart from whether Sullivan was a member. *See United States v. Allen*, 788 F.3d 61, 70 (2d Cir. 2015). Any acts after October 2015 and at any point during the charged conspiracy period from 2014 to 2017 are properly relevant to this distinct element—the existence of a conspiracy—that is distinct from evidence of Sullivan's membership. This is another reason why acts occurring after October 2015 may be admitted against Sullivan at trial. The denial of this motion is without prejudice to Sullivan's seeking a jury instruction on withdrawal and that the jury may not attribute the acts of his co-defendants to him for any time period when he was not a member of the conspiracy.

### *Defendants' motion in limine to exclude prior bad acts evidence regarding Brightfields (Doc. #338)*

The defendants move to exclude evidence of Sullivan's relationship as a paid consultant with Brightfields Development. I will deny the motion for substantially the reasons stated by the Government. The Government alleges that the CEO of Brightfields was invited and attended some of the trips at issue in this case, and the Government argues that this tends to show Sullivan's state of mind that the trips were taken for a personal purpose: to allow him through CMEEC to reward a high official of a separate company with which Sullivan had a paid consultancy contract. Although the defendants argue that CMEEC had its own business reasons to extend an invitation to the CEO of Brightfields, this is an issue that goes to the weight and not the admissibility of the evidence.

The evidence of Sullivan's relationship with Brightfields is relevant, not substantially outweighed by any danger of unfair prejudice, and not offered for an improper propensity/character purpose. The defendants may propose a limiting instruction if they believe

17

that the evidence of Brightfields could be considered by the jury for any improper purpose. To the extent, however, that the defendants allege that the Government intends to introduce no fewer than 90 documents relating to Sullivan's dealings with Brightfields, the defendants should further consult with the Government and may renew their motion *in limine* as to particular documents that would be cumulative or that do not go to the issue of Sullivan's personal interests with respect to the trips at issue in this case.

### *Defendants' motion in limine to preclude evidence of CMEEC's financial performance after the alleged conspiracy (Doc. #339)*

The defendants move to exclude evidence that CMEEC performed well after the defendants left the company and the trips ended and how the town of Wallingford bought energy more cheaply after it left CMEEC. I will grant the motion to the extent that it seeks to preclude evidence in the Government's case-in-chief of CMEEC's financial performance after the charged conspiracy period from 2014 to 2017. Harm to financial performance is not an element of an offense under § 666. Nor has the Government established reasonable grounds to conclude that any change in CMEEC's overall financial performance was due to the cessation of the expenditures for the trips at issue, as distinct from the myriad of other reasons why a company's financial performance may fluctuate from year to year. Post-conspiracy financial performance of CMEEC is marginally relevant at best to whether the trips served a corporate rather than personal purpose. Any marginal probative value is substantially outweighed by the risk of confusion and waste of time.

The same reasons warrant preclusion of evidence that Wallingford managed to find another provider that sells power more cheaply and that this company allegedly did not spend money on trips akin to those taken by the defendants to the Kentucky Derby and to a West Virginia golf resort. The nexus between the defendants' alleged improper expenditures and the

price paid by Wallingford for its electricity is far too tenuous on what has been presented to me. Moreover, the jury may be tempted to draw too facile a causal connection between the defendants' trips and the electricity prices paid by Wallingford. And the trial would likely be measurably extended if the defendants had to devote resources to showing how no reasonably reliable connection can be drawn between the fact of Wallingford's lower electricity prices and the expenditures on trips to the Kentucky Derby and West Virginia.

Therefore, I will grant the defendants' motion as to the Government's case-in-chief. This ruling, however, is without prejudice to the Government's seeking reconsideration in the event that the defendants open the door to post-conspiracy financial performance during the course of cross-examination of the Government's witnesses or during the defense case.

### DeMuzzio's motion in limine to preclude evidence of stipends received for board meetings (Doc. #340)

Defendant DeMuzzio moves to exclude evidence that he received stipends for serving on the board. I will deny this motion for substantially the reasons stated by the Government and because evidence of the financial terms of employment or service of all the defendants as officers or directors of CMEEC is plainly relevant to the Government's case and to an understanding of the defendants' financial motives. Evidence that DeMuzzio or other board members received modest stipends does not pose even the slightest danger of unfair prejudice.

### DeMuzzio's motion in limine to preclude admission of evidence concerning Amy Sarcia (Doc. #344)

Defendant DeMuzzio moves to preclude evidence of alleged criminal activity by Amy Sarcia. I will deny this motion as moot in light of the Government's representation that it will not offer any such evidence.

19

***Defendants' motion to exclude testimony of Mark Coen (Doc. #362)***

The defendants move to preclude the testimony of Mark Coen that Rankin invited him and his wife on one of the trips to the Kentucky Derby. I will deny the motion for substantially the reasons stated by the Government at oral argument—that an invitation to a person not affiliated with CMEEC to take part in one of the trips to the Kentucky Derby is evidence of the lack of corporate purpose for the trips. The concerns raised by the defendants about the credibility of the anticipated testimony goes to the weight of this evidence rather than its admissibility.

## CONCLUSION

The Court GRANTS in part, DENIES in part, and DEFERS in part the parties' motions *in limine* as set forth above in this ruling. Docs. #310-#314, #316-#340, #344, #362. If any party believes that the Court has misunderstood an issue or that the Court has neglected to address an issue raised in their briefing or at oral argument, they are welcome to promptly file a motion for reconsideration or clarification.

Dated at New Haven this 31st day of October 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

20